UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEREIM ROBERTSON,

    Petitioner,                      Case No. 17-cv-11600
                                                      Honorable Linda V. Parker

v.

DUNCAN MACLAREN,

    Respondent.
_____/

## OPINION AND ORDER SUMMARILY DENYING THE PETITION FOR WRIT OF HABEAS CORPUS, DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND DENYING PETITIONER LEAVE TO APPEAL *IN FORMA PAUPERIS*

    Kereim Robertson, ("Petitioner"), confined at the Kinross Correctional Facility in Kincheloe, Michigan, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his sentence for two counts of armed robbery, MICH. COMP. LAWS ANN. § 750.529 (LexisNexis 2017), two counts of possession of a firearm in the commission of a felony (felony-firearm), MICH. COMP. LAWS ANN. § 750.227b (LexisNexis 2017); one count of carrying a concealed weapon, MICH. COMP. LAWS ANN. § 750.227 (LexisNexis 2017); and one count of resisting and opposing a police officer, MICH. COMP. LAWS ANN. § 750.81d(1) (LexisNexis 2017). For the reasons that follow, the petition for writ of

1

habeas corpus is summarily denied for failing to state a claim upon which relief can be granted.

## I.     Background

On October 19, 2012, Petitioner pleaded guilty to the above offenses in the Oakland County Circuit Court.  On March 27, 2013, Petitioner was sentenced to one hundred and twenty six months to forty years on the armed robbery convictions, one to five years on the carrying a concealed weapons conviction, one to two years on the resisting and opposing a police officer conviction, and a consecutive two year sentence on the felony-firearm convictions.

Petitioner filed a direct appeal with the Michigan Court of Appeals, which was denied.  *People v. Robertson*, No. 317083 (Mich. Ct. App. Nov. 5, 2013). Petitioner did not file an application for leave to appeal with the Michigan Supreme Court. [1]

Petitioner filed a post-conviction motion for relief from judgment with the trial court pursuant to M.C.R. 6.500, *et seq.,* which was denied.  *People v. Robertson*, No. 12-241897-FC (Oakland Co. Cir. Ct. Sept. 15, 2015).  The Michigan appellate courts denied petitioner leave to appeal.  *People v. Robertson*,

---

[1]  The Court obtained this information from the Michigan Court of Appeals' website, coa.courts.mi.gov/, and from Thomas Reuter's Westlaw website, www.westlaw.com.  Public records and government documents, including those available from reliable sources on the Internet, are subject to judicial notice.  *See United States ex. rel. Dingle v. BioPort Corp.*, 270 F. Supp. 2d 968, 972 (W.D. Mich. 2003).  A federal district court is also permitted to take judicial notice of another court's website.  *See e.g. Graham v. Smith,* 292 F. Supp. 2d 153, 155 n.2 (D. Me. 2003).

No. 332030 (Mich. Ct. App. July 25, 2016); *People v. Robinson*, 893 N.W. 2d 346 (Mich. 2017).

Petitioner seeks a writ of habeas corpus on the following grounds:

I. The Defendant's federal constitutional due process rights to be sentenced based on accurate information were violated and he is entitled to resentencing because prior record variable two and offense variable one were incorrectly scored, resulting in an inappropriately inflated sentencing guidelines range.

II. The Defendant was denied his state and federal constitutional rights to effective assistance of appellate counsel where counsel failed to raise a claim on direct appeal that the defendant's constitutional due process rights to be sentenced based on accurate information were violated.

III. Whether a retroactive change in the law pertaining to *Lockridge*[2] entitles Petitioner to resentencing.

(ECF No. 1 at Pg. ID 4, 5, 7.)

**II. Discussion**

"A petition for a writ of habeas corpus must set forth facts that give rise to a cause of action under federal law or it may summarily be dismissed." *See Perez v. Hemingway*, 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001) (Bordman, J.). A federal district court has a duty to summarily dismiss a habeas corpus petition if it appears from the face of the petition or the exhibits that are attached to it that the petitioner is not entitled to federal habeas relief. *See Carson v. Burke*, 178 F. 3d 434, 436 (6th Cir. 1999); Rules Governing § 2254 Cases, Rule 4. "No response to a habeas

---
[2] *People v. Lockridge*, 870 N.W. 2d 502 (Mich. 2015).

3

petition is necessary when the petition is frivolous, or obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a response by the state." *Herrington v. Bezotte*, No. 14-cv-13395, 2015 U.S. Dist. LEXIS 6387, at *6 (E.D. Mich. Jan. 21, 2015) (Michelson, J.).

### A. Michigan Sentencing Guidelines Claims

First, Petitioner claims that the trial court incorrectly scored or calculated his sentencing guidelines range under the Michigan Sentencing Guidelines. Because Petitioner's claim is based in state law and not the unreasonable application of any federal law, this is not a cognizable claim for federal habeas review.

State courts are the final arbiters of state law. *See Bradshaw v. Richey*, 546 U.S. 74, 76 (2005); *White v. Steele*, 629 F. App'x 690, 695 (6th Cir. 2015). Therefore, claims which arise out of a state trial court's sentencing decisions "are not generally cognizable upon federal habeas review, unless the petitioner can show that the sentence imposed exceeded the statutory limits or is wholly unauthorized by law." *Vliet v. Renico*, 193 F. Supp. 2d 1010, 1014 (E.D. Mich. 2002) (Roberts, J.); *see Swarthout v. Cooke*, 562 U.S. 216, 219 (2011)(quoting *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) ("We have stated many times that 'federal habeas corpus relief does not lie for errors of state law.'")); *see also Brumfield v. Cain*, 135 S. Ct. 2269, 2296 n.12 (2015) (Thomas, J., dissenting) ("And even if Brumfield could show a violation of state law, which he cannot . . . ,

4

such a violation would 'provide no basis for federal habeas relief.'"). "State sentencing law is 'a matter of state concern only' . . . ." *Mattison v. Perry*, No. 13-cv-11026, 2017 U.S. Dist. LEXIS 119256, at *13-14 (E.D. Mich. July 31, 2017) (Murphy, J.).

Petitioner's claim that the state trial court incorrectly scored or calculated his sentencing guidelines range under the Michigan Sentencing Guidelines is not a cognizable claim for federal habeas review. *See Tironi v. Birkett*, 252 F. App'x 724, 725 (6th Cir. 2007); *Howard v. White*, 76 F. App'x 52, 53 (6th Cir. 2003). Errors in the application of state sentencing guidelines cannot independently support Petitioner's habeas relief. *See Kissner v. Palmer*, 826 F. 3d 898, 904 (6th Cir. 2016). Petitioner had "no state-created interest in having the Michigan Sentencing Guidelines applied rigidly in determining his sentence." *See Mitchell v. Vasbinder*, 644 F. Supp. 2d 846, 867 (E.D. Mich. 2009) (Battani, J.). In other words, assuming the state court incorrectly scored or calculated Petitioner's sentence, such an error is not grounds for federal habeas relief because such a departure does not violate any of Petitioner's federal due process rights. *Austin v. Jackson,* 213 F. 3d 298, 301 (6th Cir. 2000).

Next, Petitioner appears to argue that the trial judge violated his Sixth Amendment right to a trial by jury by using factors that either had not been submitted to a jury and proven beyond a reasonable doubt or admitted to by

5

Petitioner when scoring the guidelines variables under the Michigan Sentencing Guidelines.[3]

The United States Supreme Court ruled that any fact that increases the mandatory minimum sentence for a crime is an element of the criminal offense that must be proven beyond a reasonable doubt. *See Alleyne v. United States*, 133 S. Ct. 2151, 2155 (2013). In reaching this conclusion, the Supreme Court overruled *Harris v. United States*, 536 U.S. 545 (2002), in which the Supreme Court had held that only factors that increase the maximum, as opposed to the minimum sentence must be proven beyond a reasonable doubt to a factfinder. *See Alleyne,* 133 S. Ct. at 2157-58. The Supreme Court, however, indicated that its decision did not mean that every fact influencing judicial discretion in sentencing must be proven to a jury beyond a reasonable doubt. *Id.* at 2163 ("We have long recognized that broad sentencing discretion, informed by judicial factfinding, does not violate the Sixth Amendment.").

*Alleyne* is inapplicable to Petitioner's case because the Supreme Court's holding in "*Alleyne* dealt with judge-found facts that raised the mandatory minimum sentence under a statute, not judge-found facts that trigger an increased guidelines range," which is what happened to Petitioner in this case. *See United*

---

[3] Under Michigan law, only the minimum sentence must presumptively be set within the appropriate sentencing guidelines range. *See People v. Babcock*, 666 N.W. 2d 231, 256-57 (2003); MICH. COMP. LAWS § 769.34(2) (LexisNexis 2017). The maximum sentence is prescribed by law and not determined by the trial judge. *See People v. Claypool*, 684 N.W. 2d 278, 287 n.14 (2004) (citing MICH. COMP. LAWS § 769.8) (LexisNexis 2017).

6

*States v. Cooper*, 739 F.3d 873, 884 (6th Cir. 2014); *see also United States v. James*, 575 F. App'x 588, 595 (6th Cir. 2014) (noting that at least four post-*Alleyne* unanimous panels of the Sixth Circuit have "taken for granted that the rule of *Alleyne* applies only to mandatory minimum sentences"); *Saccoccia v. Farley*, 573 F. App'x 483, 485 (6th Cir. 2014) ("But *Alleyne* held only that 'facts that increase a mandatory statutory minimum [are] part of the substantive offense.'. . . It said nothing about *guidelines* sentencing factors . . . ."). The Sixth Circuit, in fact, ruled that *Alleyne* did not decide the question whether judicial factfinding under Michigan's indeterminate sentencing scheme violates the Sixth Amendment. *See Kittka v. Franks*, 539 F. App'x 668, 673 (6th Cir. 2013).

Petitioner argues that he is entitled to relief because the Michigan Supreme Court recently relied on the *Alleyne* decision in holding that Michigan's Sentencing Guidelines scheme violates the Sixth Amendment right to a jury trial. *See People v. Lockridge*, 870 N.W.2d 502 (Mich. 2015). However, Petitioner cannot rely on *Lockridge* to obtain relief from this Court because § 2254(d)(1) prohibits the use of lower court decisions in determining whether the state court decision is contrary to, or an unreasonable application of, clearly established federal law. *See Miller v. Straub*, 299 F. 3d 570, 578-79 (6th Cir. 2002). "The Michigan Supreme Court's decision in *Lockridge* does not render the result 'clearly established' for purposes of habeas review." *Haller v. Campbell*, No. 16-cv-206, 2016 WL 1068744, at *5

(W.D. Mich. Mar. 18, 2016). The Sixth Circuit has ruled that *Alleyne* does not apply to sentencing guidelines factors, and reasonable jurists, at a minimum, could disagree about whether *Alleyne* applies to the calculation of Michigan's minimum sentencing guidelines. *Id.* at *6. "*Alleyne*, therefore, did not clearly establish the unconstitutionality of the Michigan sentencing scheme and cannot form the basis for habeas corpus relief." *Id.; see also Perez v. Rivard,* No. 14-cv-12326, 2015 WL 3620426, at *12 (E.D. Mich. June 9, 2015) (Battani, J.) (denying habeas relief on claim that sentencing guidelines scored in violation of *Alleyne*).

After undertaking the review required by Rule 4, this Court concludes that Petitioner's sentencing claims do not entitle him to habeas relief, and the petition is summarily denied. *See Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has a duty to "screen out" petitions that lack merit on their face).

### B. Ineffective Assistance of Counsel

Petitioner contends that his appellate counsel was ineffective for failing to raise his sentencing guidelines claims on direct appeal. Petitioner raised his sentencing guidelines scoring claim in his post-conviction motion for relief from judgment, which was denied by the state trial court. The Michigan appellate courts denied Petitioner leave to appeal the denial of his post-conviction motion.

To show ineffective assistance of counsel under federal constitutional standards, a defendant must satisfy a two prong test. First, the defendant must

demonstrate, considering all of the circumstances, that counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In doing so, the defendant must overcome a strong presumption that counsel's behavior lies "within the wide range of reasonable professional assistance." *Id*. at 689. In other words, there is a presumption that the challenged action may be a result of "sound trial strategy." *Id*. Second, the defendant must show that such performance prejudiced his defense. *Id*. at 687. To demonstrate prejudice, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. The *Strickland* standard applies as well to claims of ineffective assistance of appellate counsel. *See Whiting v. Burt*, 395 F. 3d 602, 617 (6th Cir. 2005).

The Sixth Amendment guarantees a defendant the right to the effective assistance of appellate counsel both on appeals of right, *see Evitts v. Lucey*, 469 U.S. 387, 396-97 (1985), and on first-tier discretionary appeals. *See Halbert v. Michigan*, 545 U.S. 605, 609–10 (2005). However, there is no constitutional duty for appointed counsel to raise every nonfrivolous issue defendant requests. *Jones v. Barnes*, 463 U.S. 745, 751 (1983).

In this case, the state trial and appellate courts appeared to conclude that there was a factual basis for the scoring of Petitioner's sentencing guidelines and

9

have rejected Petitioner's claims. Petitioner is, therefore, unable to show that he was prejudiced by his appellate counsel's purported ineffectiveness in failing to challenge the scoring of his sentencing guidelines. *See e.g. Coleman v. Curtin*, 425 F. App'x 483, 484-85 (6th Cir. 2011). If "one is left with pure speculation on whether the outcome of . . . the penalty phase could have been any different," then there is no prejudice. *Baze v. Parker*, 371 F. 3d 310, 322 (6th Cir. 2004). Because Petitioner has offered no evidence to show that the state trial judge would have been inclined to impose a lesser sentence or that the Michigan appellate courts were inclined to reverse his sentence, Petitioner is unable to show that he was prejudiced by his counsel's purported ineffectiveness in failing to challenge the scoring of his sentencing guidelines. *See Spencer v. Booker*, 254 F. App'x 520, 525-26 (6th Cir. 2007).

Additionally, Petitioner is unable to show that he was prejudiced by appellate counsel's failure to raise his sentencing guidelines claim on direct appeal, even in light of the fact that this claim was presented to the Michigan appellate courts on Petitioner's post-conviction motion and rejected. *See Hollin v. Sowders*, 710 F. 2d 264, 267 (6th Cir. 1983) ("[I]t is clear that the failure of counsel to perfect a direct appeal has not prevented Hollin from challenging his conviction in state court. The Kentucky Supreme Court ruled on his claims in the Rule 11.42 proceeding."); *see also Bair v. Phillips,* 106 F. Supp. 2d 934, 938, 943 (E.D. Mich.

10

2000) (Duggan, J.). The state courts' rulings on Petitioner's post-conviction motion on his sentencing claim was "an adequate substitute for direct appellate review," and, therefore, his appellate counsel's failure to raise this claim on petitioner's direct appeal caused him no prejudice. *Bair,* 106 F. Supp. 2d at 943 (citing *Gardner v. Ponte*, 817 F. 2d 183, 189 (1st Cir. 1987)). Remanding the case to the state courts would be fruitless as they have already decided this issue.

The Court concludes that Petitioner's ineffective assistance of counsel claim is meritless, and the petition is summarily denied. *See Mathews v. United States*, 11 F. 3d 583, 585 (6th Cir. 1993) (affirming the summary dismissal of an ineffective assistance of counsel claim raised in a § 2255 motion to vacate sentence pursuant to Rule 4, where there was no merit to the claim).

**C. Certificate of Appealability and Leave to Appeal *In Forma Pauperis***

The Court will also deny the certificate of appealability. In order to obtain a certificate of appealability, an applicant must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a district court rejects a habeas petitioner's constitutional claims on the

11

merits, the "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong." *Id.* "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. § 2254; *see also Strayhorn v. Booker*, 718 F. Supp. 2d 846, 875 (E.D. Mich. 2010) (Zatkoff, J.). Because Petitioner failed to make a substantial showing of the denial of a federal constitutional right, the Court denies Petitioner a certificate of appealability. Accordingly, leave to appeal *in forma pauperis* is denied because the appeal would be frivolous. *See Allen v. Stovall*, 156 F. Supp. 2d 791, 798 (E.D. Mich. 2001) (O'Meara, J.).

### III. Conclusion

For the reasons stated in this opinion, the Court summarily denies with prejudice (1) the petition for writ of habeas corpus, (2) the certificate of appealability, and (3) leave to appeal *in forma pauperis*.

Accordingly,

**IT IS ORDERED** that the petition for writ of habeas corpus is **DENIED WITH PREJUDICE**;

**IT IS FURTHER ORDERED**, that Petitioner is **DENIED** a certificate of

appealability and leave to proceed *in forma pauperis* on appeal.

s/ Linda V. Parker  
LINDA V. PARKER  
U.S. DISTRICT JUDGE

Dated: October 11, 2017

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, October 11, 2017, by electronic and/or U.S. First Class mail.

s/ R. Loury  
Case Manager